IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS

| | |
|---|---|
| MADISON ONE, LLC, MADISON AVENUE MONUMENTS, LLC, JBP INVESTMENTS, LLC, BRANDON PINNA, and JAMES PINNA, ) ) ) ) ) | |
| Plaintiffs, ) | Cause No. 1:17-cv-2620 |
| ) vs. ) ) | |
| THE NETHERLANDS INSURANCE COMPANY, MOEHL ENGINEERING, INC., and TIMOTHY MOEHL, ) ) ) ) | |
| Defendants. ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§ 1441 and 1446, Defendant The Netherlands Insurance Company ("Netherlands"), by counsel, hereby removes this action to the U.S. District Court for the Southern District of Indiana, and in support thereof states as follows:

### Overview

1.  This is the second time this case has been removed to this Court. This time, though, Plaintiffs have added an Indiana engineering firm and its owner solely to attempt to destroy diversity and prevent Netherlands from removing this action. Since Defendants Mohel Engineering, Inc. ("Mohel Engineering") and Timothy Moehl ("Mr. Mohel") were fraudulently joined, their citizenship is disregarded, diversity jurisdiction exists, and removal is proper.

### Procedural Background

2.  Plaintiff Madison One, LLC ("Madison") originally sued Netherlands on December 7, 2016 in the Superior Court of Marion County, Indiana, No. 49D02-1611-PL-041517, styled *Madison One, LLC v. The Netherlands Insurance Company*. Madison did not sue

1

Mohel Engineering or Mr. Mohel, even though the reports of which Plaintiffs now complain had been issued long before Madison filed this first action.

3. Netherlands filed a timely Notice of Removal of that case to this Court, and the Court assigned Case No. 1:17-cv-228.

4. Madison voluntarily dismissed that case on January 31, 2017.

5. On July 13, 2017, Madison refiled its case again in the Superior Court of Marion County, Indiana. New plaintiffs were added: Madison Avenue Monuments, LLC, JBP Investments, LLC, Brandon Pinna, and James Pinna. Plaintiffs sued Netherlands for breach of contract (Count I) and bad faith (Count II). Plaintiffs also sued Mohel Engineering and Mr. Mohel for professional negligence (Count III).

6. Plaintiffs allege they were all insureds under an insurance policy issued by Netherlands. Plaintiffs allege that there was a loss at insured property on July 17, 2015, and that Netherlands has not paid them in full for all of their covered losses. Plaintiffs also claim that Netherlands acted in bad faith.

7. Plaintiffs have sued Moehl Engineering and Mr. Moehl for "professional negligence," but fail to even allege that Moehl Engineering and Mr. Moehl had any duty to Plaintiff. In fact, they do not have any duty to Plaintiffs. Plaintiffs conveniently omit from their complaint that Netherlands – not Plaintiffs – retained Moehl Engineering (and Mr. Mohel) to inspect the property for Netherlands and issue written reports to Netherlands. Plaintiffs had hired their own engineers, who inspected the property and issued reports to Plaintiffs which they, in turned, relied upon. Plaintiffs also fail to attach the Moehl Engineering reports they mention

in the complaint. As the reports reveal, they were prepared for and sent to Netherlands.[1] Plaintiffs cannot possibly recover from Moehl Engineering and Mr. Mohel on a negligence theory, or any other possible cause of action. Even if Moehl Engineering and Mr. Mohel had a duty to Plaintiffs, their negligence claim would be barred by the economic loss doctrine.

**Removal Requirements**

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

9. Venue is proper in the U.S. District Court for the Southern District of Indiana (Indianapolis) pursuant to 28 U.S.C. § 1446(a), as the state court action originated in Marion County.

10. Netherlands, Moehl Engineering, and Mr. Moehl are named Defendants in an action now pending in the Superior Court of Marion County, Indiana, No. 49D11-1707-PL-027356, styled *Madison One, LLC et al. v. The Netherlands Insurance Company, et al.* True and legible copies of all process, pleadings, orders and other papers or exhibits filed with the state court in this action are attached hereto as Composite Exhibit "A", in accordance with 28 U.S.C. § 1446(a).

11. A copy of this Notice of Removal will be filed by Netherlands with the state court where this action is pending promptly after the filing of this Notice of Removal, pursuant to 28 U.S.C. §1446(d). A copy of the Notice filed with the state court is attached hereto as Exhibit B.

12. Upon receiving a file-marked copy of this Notice of Removal, Netherlands will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiffs.

13. Moehl Engineering and Mr. Moehl, which were both served on July 17, 2017 by certified mail, consent to the removal of this action. *See* 28 U.S.C.A. § 1446.

---

[1] Mohel Engineering's reports were sent to Brian LaBroi of Liberty Mutual Insurance Company. Netherlands is a subsidiary of Liberty, and Mr. LaBroi is the person authorized to handle the claim on behalf of Netherlands.

### Removal is Timely

14. This Notice of Removal is filed within 30 days of Netherlands' receipt of an initial pleading pursuant to 28 U.S.C. §1446(b)(1). Specifically, Netherlands was served with the complaint on July 18, 2017, making this notice due on or before August 17, 2017.

### Amount-In-Controversy

15. The amount in controversy is in excess of this Court's jurisdictional minimum of $75,000. During the adjustment of the insurance claim that is the subject matter of Plaintiffs' complaint, Netherlands made numerous payments for the claimed property damage and alleged losses. Prior to filing its complaint, Plaintiffs claimed that, despite the payments already made by Netherlands, they are still owed additional amounts from Netherlands under the policy far in excess of $75,000, exclusive of costs and fees.

### Diversity of citizenship

16. Complete diversity of citizenship exists between Plaintiffs and Netherlands. Moehl Engineering is an Indiana corporation with its principal place of business in Indiana, and Mr. Moehl is an Indiana resident. As discussed below, since they have been fraudulently joined, their citizenship is disregarded.

17. Madison One, LLC, is an Indiana limited liability company. For diversity purposes, a limited liability company shares the citizenship of its members. See *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In their complaint, Plaintiffs do not name the owners or members of any of the Plaintiff companies. However, Plaintiffs' counsel has previously advised Netherlands' counsel that the members of Madison One, LLC, are Brandon Pinna and James Pinna, who are Indiana residents. Plaintiffs' counsel has not provided any

other information to indicate that Madison One, LLC has any other members. Accordingly, Madison One, LLC is a citizen of the State of Indiana for diversity purposes.

18. Madison Avenue Monuments, LLC, is an Indiana limited liability company. In their complaint, Plaintiffs do not name the owners or members of Madison Monuments, LLC. However, Madison Avenue Monuments, LLC filings with the Indiana Secretary of State reveal that the members of the limited liability company are Brandon Pinna and James Pinna. They are both residents and citizens of Indiana. Accordingly, Madison Avenue Monuments, LLC, is a citizen of the State of Indiana for diversity purposes.

19. JBP Investments, LLC is an Indiana limited liability company. In their complaint, Plaintiffs do not name the owners or members of JBP Investments, LLC. However, JBP Investments, LLC filings with the Indiana Secretary of State reveal that the members of the limited liability company are James Pinna and Brandon Pinna. They are both residents of Indiana. Accordingly, JBP Investments, LLC, is a citizen of the State of Indiana for diversity purposes.

20. Brandon Pinna is a resident and citizen of Indiana.

21. James Pinna is a resident and citizen of Indiana.

22. Netherlands is a corporation organized under the laws of the State of New Hampshire. Netherlands maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Netherlands is not a mutual insurance company. Accordingly, for diversity purposes, Netherlands is a citizen of the States of New Hampshire and Massachusetts.

**Moehl Engineering and Mr. Moehl are Improperly Joined**

23. Defendants Moehl Engineering and Mr. Moehl are improperly joined, and should be disregarded for purposes of determining diversity jurisdiction. *Schwartz v. State Farm Mut.*

*Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) ("[Plaintiff] may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction. Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'") (internal cites omitted)); *see also Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Circ. 2013) ("To establish fraudulent joinder, a removing defendant must show that, after resolving all issue of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.").

24. Plaintiffs attempt to bring a professional negligence claim against Mr. Moehl and, through the doctrine of respondeat superior, against Moehl Engineering. Plaintiffs cite to two reports by Moehl Engineering, and allege that findings and conclusions in them were "erroneous." (Complaint, ¶¶ 20, 23, 25, 26.) Plaintiffs pled that Mr. Moehl's alleged professional negligence was the "responsible cause" for Netherlands not covering the replacement of the building and for the Plaintiffs' other damages "stemming from" Netherland's "failure to promptly replace" the building. (Complaint, ¶ 30.)

25. Under Indiana law, to prevail on a negligence claim, the plaintiff must prove that the defendant: (a) owed him a duty; (2) breached that duty; and (3) proximately caused his injury. *Megenity v. Dunn*, 68 N.E.3d 1080, 1083 (Ind. 2017). "Absent a duty there can be no negligence or liability based upon the breach." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

26. Plaintiffs do not even plead that Mr. Moehl and/or Moehl Engineering owe a duty to them. This failure alone is fatal to Plaintiffs' professional negligence count. As highlighted above, Netherlands hired Mr. Moehl and Moehl Engineering. Netherlands had them inspect the

property and provide opinions to Netherlands. Mr. Mohel and Mohel Engineering issued their reports to Netherlands – not to any of the Plaintiffs. Plaintiffs do not allege that they relied upon Mr. Moehl and Moehl Engineering's reports and professional opinions. Plaintiffs hired their own engineers, who did their own inspection on behalf of Plaintiffs, and then issued reports to Plaintiffs.

27. Under Indiana law, a professional owes no duty to one with whom he has no contractual relationship. *BSA Const. LLC v. Johnson*, 54 N.E.3d 1026, 1029 (Ind. Ct. App. 2016). There are some narrow, limited exceptions to this rule, none of which are applicable in this case.

28. Indiana courts have applied this "no duty" rule. Courts have consistently dismissed claims brought against professionals brought by individuals who were not in privity with the professional, particularly when the professional did not issue his or her report to or for the benefit of that individual. *See, e.g.*, *BSA Const.*, 54 N.E.3d at 1029-1031 (seller of real estate had no claim for negligence against appraiser, hired by bank from whom the buyer obtained financing, who allegedly undervalued the seller's property; appraiser had no duty to the seller); *Decatur Ventures, LLC v. Daniel*, 485 F.3d 387 (7th Cir. 2007) (applying Indiana law) (borrowers had no claim for negligence against appraisers hired by the lender; appraisers had no duty to the borrowers)[2]; *Thomas v. Lewis Eng'g, Inc.*, 848 N.E.2d 758 (Ind. Ct. App. 2006) (adjacent landowner had no claim for negligent misrepresentation against engineer, hired by neighboring landowner, who surveyed the property line; the engineering company owed no duty to the adjacent landowner); *Essex v. Ryan*, 446 N.E.2d 368 (Ind. Ct. App. 1983) (subsequent landowner had no claim for professional negligence against surveyor who was retained by and conducted survey for prior landowner; surveyor owned no duty to the subsequent landowner).

---

[2] *Accord B.C. Emmons v. Brown*, 600 N.E.2d 133 (Ind. Ct. App. 1992).

29. Similarly, in 2015, the Seventh Circuit, applying Indiana law, held that an independent claims adjuster, hired by the insurer, had no legal duty to the insured. *Lodholtz v. York Risk Services Group, Inc.*, 778 F.3d 635 (7th Cir. 2015). The plaintiff had asserted a negligence claim against the adjuster, and the Seventh Circuit affirmed a judgment on the pleadings in favor of the adjuster. The Seventh Circuit highlighted that the majority of the states that have considered the issue have held that a claims adjuster owes no independent duty to the insured. *Id.* at 641.

30. Courts in other jurisdictions have similarly held that an insured has no cause of action against an engineer or investigator, retained by an insurer, who inspects an insured's property and issues a report. *See, e.g.*, *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, 2014 WL 4055356 (N.D. Tex. 2014) (insurer properly removed case filed by insured in state court against insurer for beach of contract and negligence and against non-diverse engineering firm for negligence; engineering firm, which was hired by the insurer, inspected the insured's property, and issued a report regarding repairs due to hail damage, was improperly joined to defeat diversity); *Hanley v. Fire Ins. Exchange*, 277 S.W.3d 789 (Mo. Ct. App. 2009) (contractors hired by the insured to repair a damaged home had no cause of action for negligence against an environmental consultant hired by insurer, after the consultant inspected insured's home and purportedly failed to disclose the presence of mold; the consultant had no duty to the contractors or homeowners); *Smith v. State Farm Ins. Cos.*, 869 So.2d 909 (La. Ct. App. 2004) (insured failed to state causes of action for negligence or third-party beneficiary to a contract against an engineering firm, hired by the insurer, who inspected the insured's property and issued a report); *Dagley v. Haag Engineering Co.*, 18 S.W.3d 787 (Tex. Ct. App. 2000) (insured homeowners had no cause of action for negligence or on other theories against engineer, hired by

insurer, who inspected homes and issued a report regarding alleged hail damage); *Muniz v. State Farm Lloyds*, 974 S.W.2d 229, 236-237 (Tex. Ct. App. 1998) (engineering firm hired by insurer, who inspected insured's property and issued a report regarding the cause of shifting soil underneath the insured's home, had no duty to the insureds and, therefore, could not be liable for negligence or gross negligence); *Woodward v. American Family Mut. Ins. Co.*, 950 F. Supp. 1382, 1389-1391 (N.D. Ill. 1997) (insureds who had a fire at their home had no cause of action for negligence against laboratory, hired by the insurer, to test materials from the home to determine the case of the fire; the laboratory owed no duty of reasonable care to the insured).

31.  Further, even if Plaintiffs were able to show that Mr. Mohel and/or Moehl Engineering had a duty to them, their attempt to assert a professional negligence cause of action (or any other claim) is barred by the economic loss doctrine. *See, e.g.*, *Indianapolis-Marion City Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 736, 741 (Ind. 2010) ("…in general, there is no liability in tort for pure economic loss caused unintentionally…. For over a generation, Indiana law has recognized the applicability of the economic loss rule to those who supply a defective product or service pursuant to contract, and we believe that the policy reasons set forth in this opinion amply justify application of these precedents to engineers and design professionals.").

32.  Plaintiffs' claim against Mr. Moehl and Moehl Engineering is solely for economic loss based on a contract of insurance between certain of the Plaintiffs and Netherlands. Plaintiffs allege that they suffered damages only to the extent that Netherlands relied on Mr. Moehl's reports in denying Plaintiffs' claims that Netherlands owes them more money under the insurance policy.

33. For the foregoing reasons, Plaintiffs have no reasonable possibility of succeeding on their claims against Mr. Moehl and Moehl Engineering. Therefore, Mr. Moehl and Moehl Engineering have been fraudulently joined in this action to prevent removal and their presence should be disregarded for the purposes of evaluating diversity jurisdiction.

WHEREFORE, Defendant The Netherlands Insurance Company prays that the above-entitled cause, currently pending in the Marion County Superior Court, in the State of Indiana, Cause No. 49D11-1707-PL-027356, be removed to the United States District Court for the Southern District of Indiana, and that this cause proceed in this Court as an action properly so removed.

Dated: August 4, 2017

                Respectfully submitted,

*/s/Ginny L. Peterson*
Ginny L. Peterson, ID No. 20305-41
R. Eric Sanders, ID No. 30420-89
KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
gpeterson@k-glaw.com
esanders@k-glaw.com

*/s/ Laura N. Heft*
Laura N. Heft ID No. 31033-20)
BUTLER WEIHMULLER KATZ CRAIG, LLP
115 S. LaSalle Street, Suite 3200
Chicago, Illinois 60603
(312) 456-0900
(312) 456-0909 fax
lheft@butler.legal

Attorneys for Defendant
The Netherlands Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2017, the foregoing was e-filed with the Court and electronically served on the following counsel of record:

Michael E. Simmons
William D. Beyers
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, IN 46204
msimmons@humesmith.com
bbyers@humesmith.com

John R. Helm
SCHRECKENGAST & HELM
8007 S. Meridian Street
Building 1, Suite 1
Indianapolis, IN 46217
jrhlaw@sbcglobal.net

                                                               */s/ Ginny L. Peterson*
                                                               Ginny L. Peterson

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521