49D11-1707-PL-027356

# SUMMONS
Marion Superior Court, Civil Division 11

Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

**MADISON ONE, LLC**

In the Marion Superior Court, Room No.

**MADISON AVENUE MONUMENTS, LLC, et. al.**

Plaintiff

-vs—

Cause
No. _____

**THE NETHERLANDS INSURANCE COMPANY**

**MOEHL ENGINEERING, INC., TIMOTHY MOEHL**

Defendant

TO DEFENDANT: (Name) __**The Netherlands Insurance Company, President or Highest Officer**__

(Address)_____ **175 Berkley Street** _____

_____ **Boston, Massachusetts  02116-5066** _____

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated __7/14/2017_____     _____*Myla A. Eldridge*_____(Seal)

Clerk, Marion Superior Court

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| ✓ | Registered or certified mail. |
| | Service at place of employment, to-wit _____ |
| | Service on individual     (Personal or copy) at above address. |
| | Service on agent. (Specify)_____ |
| | Other service. (Specify) _____ |

**MARION COUNTY COURTS
SEAL
INDIANA**

**Michael E. Simmons/William D. Beyers**

**Attorney for Plaintiff**

**54 Monument Circle, 4th Floor, Indpls.,IN46204**

Address

Marion County Superior Court
200 East Washington Street
Indianapolis, IN 46204

**(317) 632-4402**

Telephone

Telephone

Form #209

EXHIBIT A

## *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant._____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____

| | |
|---|---|
| Sheriff's Costs | Sheriff |
| | By: _____ |
| | Deputy |

## *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the _____ day of _____, 20._____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

_____
Clerk, Marion Superior Court

Dated: _____, 20_____     By: _____
Deputy

## *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

_____
Clerk, Marion Superior Court

By: _____
Deputy

---

Telephone
(317) 632-4402
Address
54 Monument Circle, 4th Flr, Indpls., IN 46204
**Attorney for Plaintiff**
Michael E. Simmons/William D. Beyers

**SHERIFF'S COSTS**

**SUMMONS**

SUPERIOR COURT ROOM NO. _____

MOEHL ENGINEERING, INC., TIMOTHY MOEHL
Defendant

vs.

MADISON AVENUE MONUMENTS, LLC, et al
Plaintiff

Cause No. _____

Room No. _____

**EXHIBIT A**

49D11-1707-PL-027356

Marion Superior Court, Civil Division 11

Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

STATE OF INDIANA     )      IN THE MARION COUNTY SUPERIOR COURT
                    ) SS:
COUNTY OF MARION     )      CAUSE NO.

|  |  |
|---|---|
| MADISON ONE, LLC, | ) |
| MADISON AVENUE MONUMENTS, LLC, | ) |
| JBP INVESTMENTS, LLC, | ) |
| BRANDON PINNA, and | ) |
| JAMES PINNA | ) |
|  | ) |
|      Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE NETHERLANDS INSURANCE | ) |
|    COMPANY, MOEHL ENGINEERING, INC., | ) |
| and TIMOTHY MOEHL | ) |
|  | ) |
|      Defendants. | ) |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is:

     Initiating: __X__ Responding: _____ Intervening: _____; and

     The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

     Name of Party:   Plaintiffs, Madison One, LLC, Madison Avenue Monuments, LLC, JBP Investments, LLC, Brandon Pinna, and James Pinna

2.    Attorney information for service as required by Trial Rule 5(B)(2):

| | | |
|---|---|---|
| Name: | **Michael E. Simmons** | Attorney No.: **136-49** |
| | **William D. Beyers** | Attorney No.: **28466-49** |
| | **HUME SMITH GEDDES GREEN** | Phone: **(317) 632-4402** |
| | **   & SIMMONS, LLP** | Fax: **(317) 632-5595** |
| Address: | **54 Monument Circle, 4th Floor** | |
| | **Indianapolis, Indiana 46204** | |
| | **msimmons@humesmith.com** | |
| | **bbeyers@humesmith.com** | |

EXHIBIT A

3.    This is a civil plenary case type as defined in administrative Rule 8(B)(3).

4.    I will accept service by:

        FAX at the above noted number:  Yes____ No__X
        Email at the above noted address:  Yes____ No__X

5.    This case involves support issues. Yes____ No__X

6.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order. Yes____ No__X

7.    This case involves the petition for involuntary commitment. Yes____ No__X

8.    If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment.

9.    There are related cases. Yes____   No__X

10.   Additional information required by local rule:  **None**

11.   There are other party members. Yes____   No__X

12.   This form has been served on all other parties.  Certificate of Service is attached.
        Yes____   No____x

                Respectfully submitted,


                /s/ William Beyers
                _____

                Michael E. Simmons, #136-49
                William D. Beyers, #28466-49
                HUME SMITH GEDDES GREEN & SIMMONS, LLP
                54 Monument Circle, 4th Floor
                Indianapolis, Indiana  46204
                Telephone:  (317) 632-4402
                Facsimile:  (317) 632-5595
                msimmons@humesmith.com
                bbeyers@humesmith.com

                Attorneys for Plaintiffs

EXHIBIT A

**49D11-1707-PL-027356**

Marion Superior Court, Civil Division 11

Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | | |
|---|---|---|
| MADISON ONE, LLC, | ) | |
| MADISON AVENUE MONUMENTS, LLC, | ) | |
| JBP INVESTMENTS, LLC, | ) | |
| BRANDON PINNA, and | ) | |
| JAMES PINNA | ) | **JURY DEMAND** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE NETHERLANDS INSURANCE | ) | |
| COMPANY, MOEHL ENGINEERING, INC., | ) | |
| and TIMOTHY MOEHL | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Come now Plaintiffs, Madison One, LLC, Madison Avenue Monuments, LLC, JBP Investments, LLC, Brandon Pinna, and James Pinna, by counsel, and for their Complaint against the Netherlands Insurance Company (hereinafter "Liberty Mutual"), Moehl Engineering, Inc., and Timothy Moehl, say:

## COMMON ALLEGATIONS

1. On or about July 17, 2015, all of the Plaintiffs were insureds under a policy of insurance with The Netherlands Insurance Company d/b/a Liberty Mutual Insurance, under policy number: CBP 3355113.

2. The insured buildings at 2742 and 2740 Madison Ave, Indianapolis, Indiana, sustained covered losses on or about July 17, 2015.

EXHIBIT A

3. Plaintiffs made a claim under the policy for all covered losses under claim number 105529610.

4. Plaintiffs have satisfied all terms and conditions of the insurance policy.

## COUNT I: BREACH OF CONTRACT

5. Plaintiffs reincorporate all prior allegations as if fully set forth herein.

6. Liberty Mutual breached the insurance policy by failing to fully compensate Plaintiffs for all of their covered losses, including, but not limited to, failing to pay for:

   a. Replacement of the building at 2740 Madison, Ave.
   b. Demolition expenses.
   c. Loss of revenue.
   d. Moving expenses.
   e. Rent.
   f. Signage.
   g. New location build-out.
   h. Damage to business personal property.
   i. Repairs to 2742 Madison, Ave.

WHEREFORE Plaintiffs request that Liberty Mutual compensate Plaintiffs for the amounts of their covered losses, plus court costs, prejudgment interest, and all other damages available under Indiana law.

## COUNT II: BAD FAITH

7. Plaintiffs reincorporate all prior allegations.

8. Liberty Mutual owed Plaintiffs an obligation of good faith and fair dealing.

9. Liberty Mutual breached its obligations of good faith and fair dealing by making an unfounded refusal to pay for covered losses including but not limited to:

EXHIBIT A

    a. Failing to pay for the replacement cost of 2740 Madison Ave, even after Marion County determined that the building was "structurally dangerous and warranted demolition."

    b. Extra expenses such as rent and other costs incurred during the period of restoration.

    c. Mitigation expenses including a vapor barrier.

    d. Moving expenses.

    e. Other numerous incurred expenses that will be presented at trial.

10. Liberty Mutual also exercised undue pressure on its insureds to settle the claim. An example would include, but is not limited to:

    a. Liberty Mutual refusing to provide the insureds with a definitive period for the period of restoration under the policy until the insured's lease option was days from expiration.

    b. The insureds requested a definitive period of restoration on multiple occasions, including but not limited to: February 25, March 4, March 8, March 9, March 15, April 11, and April 18, 2016.

    c. Liberty Mutual did not respond to these requests with an actual answer until May 3, 2016, wherein it stated that the period of restoration would end six months from the date of loss.

    d. Importantly, the insureds needed Liberty Mutual's assistance in renewing their lease option, which was set to expire on May 6, 2016.

    e. Liberty Mutual waited until the last minute to inform the insureds that it would not be extending the period of restoration past six months, and at the same time

EXHIBIT A

offered the insureds a low settlement for their claims while the insureds were under the duress of not being able to renew their lease.

    f. Liberty Mutual also never considered the report provided by the insured from Kemna Engineering indicating that the period needed for the repairs would be approximately 41 to 48 weeks.

    g. Liberty Mutual said that it would provide its insureds with a response to this report, but never did so.

11. An insurer has an obligation to communicate with its insureds with reasonable promptness.

12. Liberty Mutual also deceived the insureds and/or misrepresented policy terms throughout the claim handling process, including, but not limited to misrepresenting or deceiving the insureds as to the period of restoration.

13. Mark Lozier has reviewed these allegations, as an expert, and has authored a detailed opinion that Liberty Mutual acted in bad faith. (Exhibit 1).

14. Due to Liberty's bad faith, Plaintiffs have sustained additional injuries and losses to their revenue, property values, and reputation.

15. Due to Liberty's bad faith actions, Brandon and James Pinna have also suffered extreme mental anguish and emotional distress.

WHEREFORE Plaintiffs request that Liberty Mutual compensate Plaintiffs for all losses and injuries caused by Liberty Mutual's bad faith conduct and for additional punitive damages.

EXHIBIT A

## COUNT III: PROFESSIONAL NEGLIGENCE – TIMOTHY MOEHL

16. Plaintiffs reincorporate all prior allegations as if fully set forth herein.

17. Moehl Engineering, Inc. is an Indiana corporation located at 99 E. 106th St. Indianapolis, Indiana.

18. At all relevant times herein Moehl Engineering, Inc. employed Timothy Moehl.

19. Timothy Moehl is a citizen of the State of Indiana.

20. On August 12, 2015, Timothy Moehl, P.E. authored a report failing to address the damage to the North wall of 2740.

21. The report number is MEI File No. 815-001.

22. Timothy Moehl signed and sealed this report with his stamp registered number: 870090.

23. Mr. Moehl did not properly evaluate the property to arrive at the findings and conclusions contained in the report, and the findings and conclusions in the report were erroneous.

24. Mr. Moehl was not accurate in his report or completely objective. His opinions and report violated 864 IAC 1.1-11-9 to 10.

25. On March 9, 2016, Mr. Moehl also authored another report claiming that it was feasible to repair the building even though there was an existing demolition order. This would be another violation of 864 IAC 1.1-11-9 to 10.

26. Additionally, the findings and conclusions contained in the March 9, 2016, report were erroneous.

27. Timothy Moehl signed and sealed the report of March 9, 2016.

EXHIBIT A

28. 864 IAC 1.1-7-4(a) provides, in part: "The seal and signature of a registrant on any drawings, documents, or instruments signifies the registrant's acceptance of full responsibility for the professional work represented. . . ."

29. Both reports were signed and sealed by Mr. Moehl. Under 864 IAC 1.1-7-4, by sealing the reports, Mr. Moehl agreed to accept full responsibility for any damages caused by his erroneous reports, findings, and/or opinions.

30. Mr. Moehl's professional negligence as outlined herein was a responsible cause for Liberty Mutual not covering the replacement of building 2740, and the insureds' other damages stemming from Liberty Mutual's failure to promptly replace building 2740.

31. Moehl Engineering, Inc. is responsible for Timothy Moehl's professional negligence under the theory of respondeat superior.

WHEREFORE Plaintiffs request that Timothy Moehl and Moehl Engineering, Inc. compensate Plaintiffs for all losses and injuries they caused, and for costs of this action.

## JURY DEMAND

Plaintiffs request jury trial on all issues and claims herein.

EXHIBIT A

Respectfully submitted,


/s/ William D. Beyers
Michael E. Simmons, #136-49
William D. Beyers, #28466-49
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana  46204
Telephone:  (317) 632-4402
Facsimile:  (317) 632-5595
msimmons@humesmith.com
bbeyers@humesmith.com

Attorneys for Plaintiffs

EXHIBIT A

49D11-1707-PL-027356
Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana
Marion Superior Court, Civil Division 11

# The Office of Mark Lozier

| | |
|---|---|
| 330 N. State Street | Phone: 317-429-0068 |
| Greenfield, IN 46140 | |
| USA | E-mail: mark@marklozierrpa.com |

The Office of Mark Lozier

October 21, 2016

**VIA US MAIL**
Mr. Brian LaBroi
LIBERTY MUTUAL INSURANCE
Post Office Box 515097
Los Angeles, CA  90051-5097

Re:    **JBP Furnishings v. Liberty Mutual**
       **Your Claim No.:  105529610**

Dear Mr. LaBroi:

I have been asked to review this claim involving JBP Furnishings.  My focus of the review on this claim, at this time, has been on the time elements coverage.  Liberty Mutual is, of course, under a good faith obligation to evaluate the time elements coverage fairly and to not put its insured in a precarious position by misrepresenting policy terms, or by failing to promptly communicate.

Before I begin my analysis of the time elements coverage, please allow me to explain my background.  I started my career at Continental Insurance in 1976 as a property field adjuster. During my career, I was awarded many promotions as property supervisor, regional property examiner, general adjuster, national general adjuster assigned to home office in New York City.

In 1992 I joined National Catastrophe Adjusters Inc. (NCA), which later became one of the top five independent catastrophe claims operations in the nation. During my tenure at NCA, I became a partner and shareholder of NCA, later becoming the CEO till 2006.  In 2000 I earned my Executive Masters in Business from the University of Notre Dame. In 2004 I managed the catastrophe operation for Florida's Citizens Insurance. I was personally involved in all major losses commercial and residential. During my time with NCA I worked closely with McLaren Toplis and Vericlaim, handling commercial program business from brokers, along with syndicate business from the London insurance market.

In 2006 I sold my interest in NCA and formed ICS, a commercial claims operation.  I worked closely with the London insurance market. ICS represented the Lloyd's of London US interest for numerous syndicates within the London insurance market.

With that background, and expertise on claim handling and also adjusting large property commercial losses in the past, please allow this to serve as my analysis of the time elements coverage.

On July 14, 2015, the greater Indianapolis Metropolitan area suffered severe wind, rain and hail damage. Some of the wind speeds where reported in excess of seventy miles per hour. Some areas suffered micro tornadoes, one of the areas was the named JBP Furnishings at 8251 S. US 31. The tornado lifted the roof structure up setting it back down causing severe damage to the sidewalls, complete roof structure and extensive water damage inside.

On March 14, 2016, Brian LaBroi wrote a letter to Attorney Beyers.  In the letter Mr. LaBroi stated "At this time the period of restoration allowed for a reasonable time frame for repairs to be accomplished stands at six months, based on the information that we have at this time.  Once we receive the revised estimates from both construction consultants we will re-evaluate, in order to determine a more reasonable period of restoration as it relates to the supplement repair estimate."

Nowhere in this letter of March 14, 2016, does it provide the insured with a definite period of restoration, meaning Liberty Mutual never said that the period of restoration ends on January 17, 2016. One would think that if the period of restoration had

1

EXHIBIT A

# The Office of Mark Lozier

| | | |
|---|---|---|
| 330 N. State Street | Phone: 317-429-0068 | |
| Greenfield, IN 46140 | | **The Office of Mark Lozier** |
| USA | E-mail: mark@marklozierrpa.com | |

already expired at the time of the March 14, 2016, letter that the insurance company would have so indicated. However, instead, the insurance company advised that the period of restoration "repairs" stood at six months, but never indicated when the period began.

Attorney Beyers sent e-mails on February 25, March 8, March 9, March 15, April 11 and April 18 to obtain a definitive response from Liberty Mutual as to the period of restoration. Before May 3, 2016, Liberty Mutual never provided its insured with a definitive date as to the end of the period of restoration. In its prior letter of March 14, 2016, Liberty did indicate that the period of restoration was six months, but it never indicated when the period of restoration began. Importantly, Brian LaBroi, in his letter of March 14, 2016, also indicated that the period of restoration would be expanded to account for the additional supplemental repairs identified by Tim Moehl. However, and without good cause, Liberty Mutual never responded to Attorney Beyers' request for a definitive date as to the end of the period of restoration until May 3, 2016. The response provided by Brian LaBroi on May 3, 2016, indicated, for the first time, that the period of restoration would be six months from the date of the loss, which would be January 17, 2016. In advising as to the six month period of restoration, Liberty Mutual stated that its "construction consultant" provided an estimate to repair the damaged building should take approximately three months, and that the building was not released to the insured until August 25, 2015, while its investigation was being performed. Based upon that, Liberty arrives at six month for the period of restoration.

At the end of his letter on May 3, 2016, at 1:03 p.m., Brian LaBroi continues "Liberty Mutual remains open to considering any other evidence or facts that you or your clients may provide with regard to length of time to repair, rebuild, or replace the property with reasonable speed and similar quality." It is apparent from this letter of May 3, 2016, that Liberty Mutual changed its position that the repairs would reasonably take six months, as Brian LaBroi stated in his letter of March 14, 2016, to now they only take three months, even though additional repairs were identified after Mr. LaBroi's letter of March 14, 2016.

Importantly, this response from Liberty Mutual of May 3, 2016, came at a very difficult time for the insured. During the week of this response, the insured had to give notice as to whether or not it was going to renew its lease for another six month term. Notice was due on Friday, May 6, 2016. By virtue of this letter, Liberty Mutual is stating for the first time that the business income and extra expense coverage has ended, and that it would not financially assist the insured in securing a lease for an additional term. Importantly, the insured operates a furniture store. It is difficult to move a furniture store and it is also difficult to set up operations again. It is my understanding that the insured could not afford the lease, and had to leave that store and set up operations again. Liberty Mutual, also during this critical week, again reiterated its settlement discussions, and sought to pay only $150,000 more for the entire claim, even though the insured's loss exceeds that amount.

It is a violation of the Unfair Claims Settlement Practices to exercise undue settlement pressure on an insured. Here, Liberty waited until the eve of the lease renewal to tell its insured that coverage for business income and extra expense had ended. Additionally, Liberty changed its position on the repair estimate to say that the repairs to building would only have taken three months whereas before it had stated it was allowing six months for the repairs. Additionally, Liberty is not accounting for the eight months of investigation that it took for Tim Moehl to identify all of the covered losses and provide engineering drawings to repair them. Liberty also stated that it remained open to considering any other evidence. The insured provided a report after Liberty's letter of May 3, 2016. The report was performed by Kemna Engineering. The report, in detail, lays out a plan of repair and reconstruction to the building. In the report, Kemna clearly details that it would take between forty-one to forty-eight weeks to repair the building. Liberty Mutual apparently gave this report no consideration even though it said that it would consider it. However, Liberty has never addressed the report directly. Notably, Liberty wrote, on May 26, 2016, that Liberty "forwarded this to our construction consultant, J.L. Fox, to review at the present time and we will respond in writing with our responses regarding the following:

1.    The repair estimate from Kemna Restoration & Construction, Inc.;
2.    The period of restoration from Kemna Restoration & Construction, Inc."

Liberty Mutual has never responded to the report from Kemna. Liberty Mutual is under an obligation to respond to the insured with reasonable promptness under the Unfair Claims Settlement Practices Act. It has now been over four months since Liberty Mutual indicated they would evaluate Kemna's report and respond. By failing to reconsider the time elements coverage based

2 |

EXHIBIT A

# The Office of Mark Lozier

| | |
|---|---|
| 330 N. State Street | Phone: 317-429-0068 |
| Greenfield, IN 46140 | |
| USA | E-mail: mark@marklozierrpa.com |

**The Office of Mark Lozier**

upon Kemna Restoration & Construction's report, Liberty Mutual has not communicated with its insured with reasonable promptness. Additionally, Liberty Mutual has taken the position that J.L. Fox could have rebuilt the entire structure in three months, but it has taken J.L. Fox over four months to respond to Kemna Restoration's report. This claims handling practice is indicative of the insurance company simply withholding money from the insured to pressure him into settlement. Liberty Mutual is undoubtedly aware that the insured is in dire straits.

Furthermore, I have inspected the building. It is pretty clear that it is not feasible to repair the building, and there is an existing demolition order. In Brian LaBroi's letter of March 14, 2016, Liberty Mutual also promised that it would provide the repair estimate from T&W Construction. Liberty Mutual indicated that T&W Construction and J.L. Fox would complete independent repair estimates as set forth by the structural engineer. However, my understanding is that the insured never received anything from T&W Construction. The repairs contemplated by Tim Moehl would be very complicated to carry out. Only Kemna Restoration has produced a detailed plan identifying how they would carry out those repairs. J.L. Fox has never provided a detailed plan. Liberty Mutual has a good faith, fiduciary obligation to evaluate the detailed plan of Kemna Restoration and the lack of a detailed plan by J.L. Fox in making its determination as to which contractor is likely more accurate.

Based on the foregoing, at this point, it is my opinion that Liberty Mutual has violated the Unfair Claims Settlement Practices Act by putting undue pressure on its insured, by not responding with reasonable promptness, and by misrepresenting pertinent facts under an insurance policy. In this case, Liberty has misrepresented the amount of time it would take to repair the building, and also the period of restoration under its time element's coverage. It has also not promptly evaluated or communicated with the insured concerning a definitive date as to the end of the time expense coverage, and has never provided a response with respect to the report by Kemna Restoration. Liberty's actions in this case have, undoubtedly, put an undue pressure on the insured to make a settlement, and are evidence of bad faith.

Mark Lozier
EMBA, PCA,NGA

cc:     William Beyers via fax (317-632-5595)

Jonathan K. Barger  via fax
BUTLER WEIHMULLER KATZ CRAIG LLP
115 South LaSalle Street, Suite 3200 | Chicago, IL 60603
Direct 312.462.9156 | Office 312.456.0900 | Fax 312.456.0909

3

EXHIBIT A

**49D11-1707-PL-027356**

Marion Superior Court, Civil Division 11

Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

MADISON ONE, LLC, )
MADISON AVENUE MONUMENTS, LLC, )
JBP INVESTMENTS, LLC, )
BRANDON PINNA, and )
JAMES PINNA )
        )
       Plaintiffs, )
        )
v. )
        )
THE NETHERLANDS INSURANCE )
  COMPANY, MOEHL ENGINEERING, INC., )
and TIMOTHY MOEHL )
        )
       Defendants. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is:

    Initiating:___X___ Responding:_____ Intervening:_____; and

    The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of Party:   Plaintiffs, Madison One, LLC, Madison Avenue Monuments, LLC, JBP Investments, LLC, Brandon Pinna, and James Pinna

2.    Attorney information for service as required by Trial Rule 5(B)(2):

| | | |
|---|---|---|
| Name: | **Michael E. Simmons** | Attorney No.: **136-49** |
| | **William D. Beyers** | Attorney No.: **28466-49** |
| | **HUME SMITH GEDDES GREEN** | Phone: **(317) 632-4402** |
| | **& SIMMONS, LLP** | Fax:  **(317) 632-5595** |
| Address: | **54 Monument Circle, 4th Floor** | |
| | **Indianapolis, Indiana  46204** | |
| | **msimmons@humesmith.com** | |
| | **bbeyers@humesmith.com** | |

EXHIBIT A

3.     This is a civil plenary case type as defined in administrative Rule 8(B)(3).

4.     I will accept service by:

     FAX at the above noted number:   Yes____ No__X

     Email at the above noted address:  Yes____ No__X

5.     This case involves support issues.  Yes____ No__X

6.     This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order.  Yes____ No__X

7.     This case involves the petition for involuntary commitment.  Yes____ No__X

8.     If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment.

9.     There are related cases.  Yes____  No__X

10.    Additional information required by local rule:  **None**

11.    There are other party members.  Yes____  No__X

12.    This form has been served on all other parties.  Certificate of Service is attached.
     Yes____  No____x

 

          Respectfully submitted,

          /s/ William Beyers
          _____
          Michael E. Simmons, #136-49
          William D. Beyers, #28466-49
          HUME SMITH GEDDES GREEN & SIMMONS, LLP
          54 Monument Circle, 4th Floor
          Indianapolis, Indiana  46204
          Telephone:  (317) 632-4402
          Facsimile:  (317) 632-5595
          msimmons@humesmith.com
          bbeyers@humesmith.com

          Attorneys for Plaintiffs

EXHIBIT A

49D11-1707-PL-027356

# SUMMONS

Marion Superior Court, Civil Division 11

Filed: 7/13/2017 7:12 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

**MADISON ONE, LLC**

In the Marion Superior Court, Room No. _____

**MADISON AVENUE MONUMENTS, LLC, et. al.**

Plaintiff

·vs—

Cause
No. _____

**THE NETHERLANDS INSURANCE COMPANY**

**MOEHL ENGINEERING, INC., TIMOTHY MOEHL**

Defendant

TO DEFENDANT: (Name) __ **The Netherlands Insurance Company, President or Highest Officer**

(Address)_____ **175 Berkley Street**

**Boston, Massachusetts  02116-5066**

    You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

    The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

    An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

    If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _7/14/2017_____   _____ (Seal)

Clerk, Marion Superior Court

**(The following manner of service of summons is hereby designated.)**

| | |
|---|---|
| ✓ | Registered or certified mail. |
| | Service at place of employment, to-wit _____ |
| | Service on individual     (Personal or copy) at above address. |
| | Service on agent. (Specify) _____ |
| | Other service. (Specify) _____ |

MARION COUNTY COURTS

**SEAL**

INDIANA

**Michael E. Simmons/William D. Beyers**

Attorney for Plaintiff

54 Monument Circle, 4th Floor, Indpls.,IN46204

Address

**(317) 632-4402**

Telephone

Marion County Superior Court
200 East Washington Street
Indianapolis, IN 46204

_____
Telephone

Form #209

EXHIBIT A

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant. _____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____

_____

_____     _____
Sheriff's Costs                                                                Sheriff

                                                                               By: _____
                                                                                          Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20._____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                                               _____
                                                                               Clerk, Marion Superior Court

Dated: _____, 20_____     By: _____
                                                                                          Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

                                                                               _____
                                                                               Clerk, Marion Superior Court

                                                                               By: _____
                                                                                          Deputy

Telephone
(317) 632-4402
Address
54 Monument Circle, 4th Flr, Indpls., IN 46204
Attorney for Plaintiff
Michael E. Simmons/William D. Beyers

SHERIFF'S COSTS

SUPERIOR COURT ROOM NO. _____

SUMMONS

MOEHL ENGINEERING, INC., TIMOTHY MOE
Defendant

vs.

MADISON AVENUE MONUMENTS, LLC, et al.
Plaintiff

Cause No. _____

Room No. _____

EXHIBIT A

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF MARION | ) | CAUSE NO. 49D11-1707-PL-027356 |

|  |  |
|---|---|
| MADISON ONE, LLC, | ) |
| MADISON AVENUE MONUMENTS, LLC, | ) |
| JBP INVESTMENTS, LLC, | ) |
| BRANDON PINNA, and | ) |
| JAMES PINNA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE NETHERLANDS INSURANCE | ) |
| COMPANY, MOEHL ENGINEERING, INC., | ) |
| and TIMOTHY MOEHL, | ) |
| | ) |
| Defendants. | ) |

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

Party Classification:   Responding

1.    The undersigned attorney on this form now appears in this case for the following
party members:

Defendants, Moehl Engineering, Inc. and Timothy Moehl, Individually.

2.    Applicable attorney information for service of process:

John R. Helm
Attorney #8512-30
SCHRECKENGAST & HELM
8007 South Meridian Street
Building 1, Suite 1
Indianapolis, Indiana  46217
(317) 888-2830
FAX (317) 885-8818

3.    Will accept FAX service?    No

EXHIBIT A

4.     Are there related cases?     No

5.     I, John R. Helm, by my signature below, hereby certify that the contact information listed on the Indiana Supreme Court Roll of Attorneys for John R. Helm is current and accurate as of the date this appearance was filed.

6.     I, John R. Helm, acknowledge, by my signature below, that orders, opinions, and notices, and all documents served under Trial Rule 86 (G), will be sent to the attorney at the email address(es) on the Roll of Attorneys regardless of other contact information supplied by the attorney.

7.     I, John R. Helm, acknowledge, by my signature below, that each attorney listed on the appearance is solely responsible for keeping his or her Roll of Attorneys contact information accurate per Ind. Admis. Disc. R. 2(A).

SCHRECKENGAST & HELM

By:     /s/ John R. Helm_____
        John R. Helm,
        Counsel for Defendants

2

EXHIBIT A

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of July, 2017, the foregoing document was

served upon the following by E-service using the Indiana E-filing System (IEFS):

> Michael E. Simmons
> William D. Beyers
> HUME SMITH GEDDES GREEN & SIMMONS, LLP
> 54 Monument Circle, 4th Floor
> Indianapolis, Indiana 46204

By:     /s/ John R. Helm
        John R. Helm,
        Counsel for Defendants

John R. Helm
SCHRECKENGAST & HELM
8007 South Meridian Street
Building 1, Suite 1
Indianapolis, Indiana 46217
(317) 888-2830
FAX (317) 885-8818
Attorney #8512-30

3

EXHIBIT A

STATE OF INDIANA          )     IN THE MARION COUNTY SUPERIOR COURT
                          ) SS:  CIVIL DIVISION
COUNTY OF MARION          )     CAUSE NO. 49D11-1707-PL-027356


MADISON ONE, LLC,                          )
MADISON AVENUE MONUMENTS, LLC,             )
JBP INVESTMENTS, LLC,                      )
BRANDON PINNA, and                         )
JAMES PINNA,                               )
                                           )
          Plaintiffs,                      )
                                           )
     vs.                                   )
                                           )
THE NETHERLANDS INSURANCE                  )
COMPANY, MOEHL ENGINEERING, INC.,          )
and TIMOTHY MOEHL,                         )
                                           )
          Defendants.                      )

## MOTION FOR EXTENSION OF TIME

Come now the Defendants, Moehl Engineering, Inc. and Timothy Moehl, Individually, by counsel, and respectfully move the Court for an extension of time in which to respond to Plaintiffs' Complaint for Damages, pursuant to Trial Rule 6(B)(1), and in support of said Motion, states as follows:

1.     That said Defendants were served with the Summons and Complaint on July 17, 2017 by Certified Mail, and their response is currently due on or about August 9, 2017, and the time for a response has not yet expired.

2.     That counsel for the Defendants has just recently been retained and has not had adequate time to look into the facts and circumstances surrounding the allegations of Plaintiffs' Complaint.

EXHIBIT A

3.      That counsel for the Defendants needs an additional thirty (30) days from the date that the response is currently due to respond to the Plaintiffs' Complaint

4.      That said extension of time shall expire on September 8, 2017.

WHEREFORE, the Defendants, Moehl Engineering, Inc. and Timothy Moehl, Individually, by counsel, respectfully pray the Court for an extension of time in which to respond to Plaintiffs' Complaint to and including September 8, 2017, and for all other just and proper relief in the premises.


SCHRECKENGAST & HELM


By:     /s/ John R. Helm
        John R. Helm,
        Counsel for Defendants


2

EXHIBIT A

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2017, the foregoing document was

served upon the following by E-service using the Indiana E-filing System (IEFS):

> Michael E. Simmons
> William D. Beyers
> HUME SMITH GEDDES GREEN & SIMMONS, LLP
> 54 Monument Circle, 4th Floor
> Indianapolis, Indiana 46204

By:     /s/ John R. Helm
        John R. Helm,
        Counsel for Defendants

John R. Helm
SCHRECKENGAST & HELM
8007 South Meridian Street
Building 1, Suite 1
Indianapolis, Indiana 46217
(317) 888-2830
FAX (317) 885-8818
Attorney #8512-30

3

EXHIBIT A